IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lori Whitney,<br><br>    Plaintiff,<br><br>v.<br><br>Central Portfolio Control, Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Lori Whitney, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Lori Whitney ("Plaintiff"), is an adult individual residing in Lemont, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Central Portfolio Control, Inc. ("Central"), is a Minnesota business entity with an address of 6640 Shady Oak Road, Suite 300, Eden Prairie, Minnesota 55344, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Central and

whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Central at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Central for collection, or Central was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Central Engages in Harassment and Abusive Tactics

12. On or about December 31, 2019, Central contacted Plaintiff's workplace in an attempt to collect the Debt.

13. Plaintiff informed Central she could not receive personal calls and work and requested Central cease placing calls to her workplace.

14. Nonetheless, Central continued placing calls to Plaintiff's work telephone number causing a great deal of frustration and distress to Plaintiff.

### C. Plaintiff Suffered Actual Damages

15. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

2

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiff at a place and during a time known to be inconvenient for Plaintiff.

19. Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted Plaintiff at Plaintiff's place of employment, knowing that Plaintiff's employer prohibited such communications.

20. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt

21. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

22. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 14, 2019

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff